UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24310-CIV-GRAHAM/GOODMAN

KENDALL LAKES TOWERS
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

PACIFIC INSURANCE COMPANY,
LIMITED,

    Defendant.
_____/

## **DISCOVERY ORDER**

This matter is before the Court following a discovery hearing held on October 28, 2011. At the hearing, Plaintiff requested that third-party consultants EFI, JS Held, and CJW produce, *inter alia*, their opinions relating to the property damage at issue in this case and a privilege log for unproduced materials. Plaintiff filed a post-hearing list of authorities in support of its position and the Defendant filed supplemental authorities in response. The issues are now ripe.

Federal Rule of Civil Procedure 26(b)(4)(D) provides that

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> (i) as provided in Rule 35(b); or
>
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Here, Plaintiff relies on the exceptional circumstances exception to justify discovery of the Defendant's consultant's opinions.

The party seeking disclosure under Rule 26(b)(4)(D)(ii) has the burden of demonstrating exceptional circumstances. *Hoover v. U.S. Dept. of the Interior*, 611 F.2d 1132, 1142 n.13 (5th Cir. 1980) (interpreting former Rule 26(b)(4)(B), the predecessor to Rule 26(b)(4)(D)). Courts have generally found that exceptional circumstances may be demonstrated by showing that (1) "the object or condition observed by the non-testifying expert is no longer observable by an expert of the party seeking discovery," or (2) "it is possible to replicate expert discovery on a contested issue, but the costs would be judicially prohibitive." *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34, 44 (S.D.N.Y. 1997); *see also Cooper v. Meridian Yachts, Ltd.*, No. 06-61630, 2008 U.S. Dist. LEXIS 41902 (S.D. Fla. May 28, 2008) (exceptional circumstances found where the movant would never have the opportunity to examine the condition because the non-movant's experts deconstructed it as part of their examination).

The Court finds that Plaintiff has failed to demonstrate exceptional circumstances warranting the discovery of the third-party consultants' opinion. In response to Plaintiff's contention that these consultants were the first on the scene to observe the relevant conditions, the Court already ordered the third parties to produce photographs and other documents reflecting objective fact-finding observations and measurements. In addition, Plaintiff retained its own experts, who have also inspected the site. Consequently, the Court will not order any additional production from the Defendant's non-testifying experts.

None of the authorities that Plaintiff submitted address the issue of the privilege log. The Defendant, however, calls the Court's attention to Rule 26(b)(5)(A), which requires that parties provide what is commonly known as a privilege log for information that is *otherwise discoverable*. Because Rule 26(b)(4)(D) is explicit that non-testifying experts' opinions are *not* ordinarily discoverable, it follows that no privilege log is required for information that they withhold. Accordingly, the Court will not require the third party experts to produce privilege logs.

DONE AND ORDERED in Chambers, at Miami, Florida, November 8th, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record