UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24310-CIV-GOODMAN

[CONSENT CASE]

KENDALL LAKES TOWERS
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

PACIFIC INSURANCE COMPANY,
LIMITED,

    Defendant.
_____/

## ORDER ON MOTION TO STRIKE

## "REBUTTAL" REPORT OF PLAINTIFF'S EXPERT WITNESS

This cause is before the court on Defendant, Pacific Insurance Company, Limited's Motion to Strike Plaintiff's "Rebutal" Report of Alan Roser, or, in the Alternative, for Leave to Respond to Plaintiff's "Rebuttal" Report (DE 58). The Court has reviewed the motion, the response (DE 65) and the Reply (DE 77). In this motion, Pacific asks the Court to strike the "Rebuttal" Report of Alan Roser, Plaintiff's expert witness, on the cost of repairing the building (which would, in effect, preclude his testimony at trial) or, to permit Pacific to obtain an expert in response to Roser. For the reasons outlined below, the motion is **granted in part and denied in part**.

**BACKGROUND**

Bob Dylan, the iconic songwriter-poet-musician, famously said, albeit in the form of song lyrics, "you're gonna have to serve somebody."[1] For parties litigating a civil lawsuit in the Southern District of Florida, the "somebody" who has to be served (at least metaphorically) is the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of Florida and the Court's Trial Scheduling Order.

These authorities impose deadlines on many aspects of pre-trial procedure, including the designation of expert witnesses and the production of expert witness reports. Federal Rule of Civil Procedure 26(a)(2)(D) requires parties to disclose expert testimony "at the times and in the sequence that the court orders." Absent a stipulation or a court order, the disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial" or, if the expert is intended "solely to contradict or rebut" evidence, then the disclosure must be made "within 30 days after the other party's disclosure."

This is an insurance coverage dispute concerning the issue of whether there is coverage for property damage allegedly arising from Hurricane Wilma on or about October 24, 2005. In a March 2, 2011 Scheduling Order (DE# 17), United States District

---

[1] The song references different scenarios before repeating the "serve somebody" chorus. For example, the song, "Gotta Serve Somebody," describes a variety of different people who will, ultimately, have to provide the obligatory service to someone. For example, "an ambassador to England or France" will have to serve somebody, as will "the heavyweight champion of the world," a "state trooper," a "young turk," a "businessman," a "high degree thief" and "a construction worker workin' on a home." Regardless of a person's station in life, the song teaches, we all have to serve "somebody" – and it "may be the devil and it may be the Lord." www.elyrics.net/read/b/bob-dylan-lyrics/gotta-serve-somebody-lyrics.html (last visited December 19, 2011).

2

Court Judge Donald L. Graham established September 2, 2011 as the deadline to exchange expert witness information and September 16, 2011 as the deadline to exchange rebuttal expert witness information. The Order specifically provided that only those witnesses "who have been properly identified and who have exchange information in compliance with Local Rule 16.1(K) shall be permitted to testify."

Local Rule 16.1(K) imposes specific disclosure obligations on the parties and requires, among other things, "lists of the expert's qualifications to be offered at trial, publications and writings, style of the case and name of court and Judge in cases in which the expert has previously testified and the subject of that expert's testimony, the substance of the facts and all opinions to which the expert is expected to testify and a summary of the grounds for each opinion."

Judge Graham later extended the deadline for expert witness disclosures to September 16, 2011 and extended the deadline for exchanging *rebuttal* expert disclosures to October 19, 2011 (DE 48, 53).

Before the expiration of the September 16, 2011 expert witness disclosures deadline, the parties exchanged information and reports of five expert witnesses. Plaintiff provided Pacific with one expert witness report and Pacific provided Plaintiff with four reports. Specifically, Plaintiff provided Pacific with a "Building Damage Assessment" report prepared by architect Neil B. Hall. Pacific, in turn, provided expert reports entitled "Evaluation of Roofing Damage Claim," prepared by a consulting engineering firm; "Windstorm at the Kendall Lakes Towers Condominiums, Miami, Florida, from January 1992 through August 2011," prepared by Climatological Consulting Corporation;

3

"Engineering Inspection Report," prepared by an engineering group; and a report from Dr. Lee Swanger, an engineer.

Plaintiff did not make any expert witness disclosures concerning the costs of repairing alleged damages before the expiration of the September 16, 2011 deadline. Likewise (and perhaps as a result of this), none of Pacific's four reports discussed the costs of repairs either.

On October 19, 2011, the deadline for disclosing *rebuttal* expert witness information, Plaintiff's counsel sent pacific's counsel a report by Alan Roser, entitled "Construction Estimates and Insurance Appraisals," which was designated as a "rebuttal report." The so-called "rebuttal report" prepared by Roser includes his resume and an estimate of the repair costs.

Pacific seeks to strike the report because it is untimely. Pacific contends that the Roser Report is not a rebuttal report at all, but, instead, is a report which should have been disclosed by the original deadline for expert witness disclosures. Pacific argues that Plaintiff has purposefully but incorrectly branded the Roser report as a rebuttal report because it already missed the actual deadline and is desperately trying to use Roser's expert testimony at trial by pursuing the tactic of misdescribing the nature of the expert report, in order to "back door" it into the case. In addition, Pacific argues that the Roser report should be stricken for an additional reason: failure to comply with the specifics of the Local Rule's disclosure requirements. Finally, Pacific argues, in the alternative, that it should be permitted to locate its own rebuttal expert to respond to Roser's report if the Court denies the motion to strike.

4

Plaintiff disputes the allegations about its strategy and argues that the expert report is a rebuttal report which was timely provided and is sufficiently detailed to comply with the Local Rule's disclosure requirements. Plaintiff also contends that Pacific failed to demonstrate how it would be prejudiced by Roser's report, given that Pacific takes the position that *no* covered damages are recoverable. Nevertheless, Plaintiff says that it is not opposed to giving Pacific the opportunity to provide an expert report in response to Roser's report (concerning the estimated costs of repairing the Wilma-related damages).

## APPLICABLE LEGAL PRINCIPLES

As correctly noted by Pacific, "a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Morin v. United States*, 534 F. Supp. 2d 1179, 1189 (D. Nev. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992). When a scheduling order provides for expert witness disclosures, such discloses must be made "at the time and in the sequence directed by the court". *Baldwin Graphics Systems, Inc. v. Siebert, Inc.*, No. 03 C 7713, 2005 WL 1300763, at *1 (N.D. Ill. Feb. 22, 2005).

Compliance with Rule 26's expert witness disclosure rule is mandatory and self-executing. *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 51 (1st Cir. 2001). The purpose of the rule governing expert witness disclosure requirements is to safeguard against surprise. *Thibeault v. Square D Co.,* 960 F.2d 239, 244 (1st Cir. 1992) (rule designed to facilitate a "fair contest with the basic issues and facts disclosed to the fullest practical extent").

Federal Rule of Civil Procedure 37 provides the consequences for failing to comply with the expert witness disclosure requirements: the party is "not allowed" to use that witness "to supply evidence" at a trial "unless the failure was substantially justified or is harmless."

Federal courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense.  *See, e.g.*, *Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este*, 456 F. 3d 272, 277-78 (1st Cir. 2006) (affirming preclusion order even though the result was to exclude evidence critical to plaintiff's claim).  In addition, courts provide similar consequences when an initial expert is designated late, as a purported rebuttal-type expert.  *Nelson v. IPALCO Enterprises Inc.*, No. IP02477CHK, 2005 WL 1924332, at*8-9 (S.D. Ind. Aug. 11, 2005).  *See generally Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004) (excluding untimely expert report).

Preclusion is an appropriate sanction for a failure to comply with the witness disclosure requirements.  *See* Fed. R. Civ. Pro. 37(c)(1); *Lohnes*, 272 F.3d at 60. However, a district court has discretion to decide whether to impose an exclusion order, such as one striking an expert witness report.  *Jackson v. Harvard Univ.,* 900 F.2d 464, 468-69 (1st Cir. 1990).  Evaluating a preclusion request involves an analysis of several factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure and the opponent's ability to overcome its adverse effects (i.e., the degree of prejudice and whether it can be cured or ameliorated).  *MaCaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003).

Ultimately, a district court has discretion to admit or to exclude an untimely expert report (and to permit or to prevent that expert to testify). *Bearint*, 389 F.3d at 1348-49.[2]

## **DISCUSSION**

In accordance with the principles outlined above, the Court must determine (1) whether the Roser report is a timely disclosed rebuttal expert report and, if not, (2) whether Plaintiff was substantially justified in making a tardy production (assuming the report should have been disclosed initially), (3) Plaintiff's need for the expert testimony, and (4) the prejudice flowing to Pacific (if the report is not stricken) and whether the Court can take steps to minimize the prejudice.

Contrary to Plaintiff's argument, The Roser Report is not a rebuttal expert report. It is a repair estimate and it rebuts nothing – because none of Pacific's four expert witness reports address the issue of the amount of Plaintiff's damages (i.e., the repair costs) in the first place.

Plaintiff argues that the report is a rebuttal report because Pacific was aware of a prior, pre-lawsuit damages report prepared on Plaintiff's behalf by Hector Sicre and that Roser's damages estimate "merely replaced" the previous estimate. This argument is not persuasive. First, Plaintiff did not designate Sicre as a trial expert witness in the expert disclosures due on September 16, 2011, so Roser's report cannot serve as a replacement for a report not previously disclosed under the trial rules. Second, a pre-trial repair estimate is insufficient to qualify as an expert witness report because it does not meet the

---

[2] In *Bearint*, the Eleventh Circuit cited *Grimm v. Lane,* 895 F. Supp. 907, 913 (S.D. Ohio) for the theory of "admitting untimely expert evidence because no risk of unfair surprise existed." 389 F.3d at 1349-1350.

7

requirements of Rule 26.  Third, Sicre never provided a Rule-compliant expert witness report.  Finally, Roser's report exceeds Sicre's pre-trial estimate by more than $4 million and cannot fairly be deemed a replacement.

Therefore, Plaintiff's October 19, 2011 disclosure of the Roser report was untimely and Roser is not a rebuttal expert.  Phrased differently, the late disclosure was not substantially justified.

Because it would be difficult, if not impossible, for Plaintiff to prove its alleged damages at trial without expert testimony about the repair costs estimate, Roser's testimony is critical to Plaintiff.  The Court also agrees with Pacific about the insufficiency of the Roser Report (because it does not meet all the requirements of the Local Rule).

Addressing the final factor, the Court can minimize the prejudice by permitting Pacific to obtain its own expert on repair costs (i.e., an expert to rebut Roser's report). However, as outlined below, the Court will not merely permit Pacific to obtain another expert after the discovery deadline, it will also provide significant cost-shifting mechanisms to minimize prejudice and create a more-level, fairer playing field.  Because it is Plaintiff's unjustifiably late disclosure of Roser which triggered the need for Pacific to retain another expert witness, it is only fair that Plaintiff assume these additional financial burdens if it wishes to avoid losing the ability to use Roser as a trial expert.

## **CONCLUSION**

Therefore, it is hereby ordered and adjudged that Pacific's motion is granted in part and denied in part as follows:

1. If Plaintiff intends to use Roser as an expert witness at trial, then it must, within 7 days of entry of this order, submit to Pacific an amended or supplemental expert report, in compliance with all the disclosure requirements.

2. If Pacific would like to take Roser's deposition, then it may do so by January 20, 2012.

3. If Pacific takes Roser's deposition, then *Plaintiff* shall pay his expert hourly fee for the deposition (i.e., a fee usually paid by the party taking the deposition). In addition, Plaintiff shall pay the court reporter fees (for both the appearance and the deposition transcript). Finally, Plaintiff shall pay the attorney's fees and costs which Pacific incurs both in preparing and in taking Roser's deposition. Plaintiff shall pay the attorney's fees and costs incurred by Pacific for the Roser deposition within one week of receiving an invoice from Pacific. If Plaintiff disputes the amount of the costs and/or fees, then it shall timely pay the undisputed amount and seek a ruling from the Court on the disputed amount.

4. If there is a dispute about the amount of fees and costs incurred by Pacific in connection with the Roser deposition, then the Court will review applicable time records, determine the appropriate amount, hold an evidentiary hearing, if necessary, and may also enter an award of fees and costs to the prevailing party in the dispute over the fees and costs.

5. If Pacific wishes to obtain its own expert to rebut Roser, then it may do so by submitting the required expert witness report and materials to Plaintiff by January 30, 2012.

6. If *Plaintiff* wishes to take the deposition of Pacific's rebuttal witness (on the issue of the amount of damages – i.e., the cost of repairs), then it may do so by February 10, 2012. *Plaintiff* shall bear the typical costs of this deposition and shall also pay the hourly expert witness fee (for the deposition itself) of Pacific's expert. In addition, Plaintiff shall *also* pay the fees which Pacific incurs in preparing its own rebuttal expert witness for this deposition. Plaintiff shall pay these fees and costs within one week of receiving an invoice from Pacific, and the same procedure outlined in paragraph 4 above shall apply.

\* \* \*

The Court recognizes that Pacific's pending summary judgment motion is based, in part, on the very issue resolved in this Order – that Plaintiff cannot prove its damages claim because it never timely served an expert witness report and Roser's report was incorrectly and improperly designated as a rebuttal report. Given the ruling in this Order, that portion of Pacific's summary judgment motion is now moot and will be denied when then Court issues a ruling. The *other* arguments raised in Pacific's summary judgment

motion are still pending, however, and this Order does not in any way constitute a ruling on any of the remaining portions of Pacific's summary judgment motion.[3]

DONE AND ORDERED in Chambers, Miami, Florida, December 20, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record

---

[3] The remaining issues in Pacific's pending summary judgment motion do not relate to the costs or repairs or the amount of damages. Therefore, the use of Roser and any additional rebuttal expert selected by Pacific should not affect the resolution of the summary judgment motion. Thus, the Court does not anticipates that the parties will have any need to supplement the summary judgment record with information gleaned from Roser's deposition or from the expert chosen to rebut Roser's conclusions.